# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-50900
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL FIERRO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1746-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Fierro entered a guilty plea to one count of receiving a firearm while under indictment, in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D), and was sentenced to 40 months of imprisonment. He appeals his conviction on the grounds that the factual basis presented at rearraignment was insufficient to support his guilty plea. He contends that, at rearraignment, he denied receiving firearms and accepted the guilty plea due to judicial coercion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fierro did not object to the sufficiency of the factual basis in the district court, and thus this court reviews for plain error. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). At rearraignment, Fierro admitted that he possessed two of the weapons charged in the indictment, and admitted to meeting his friend, Beto, at his grandparents' house for the specific purpose of retrieving two weapons, which constitutes "receipt" under the statute. See United States v. Clark, 741 F.2d 699, 703 (5th Cir. 1984) (explaining that, in an analogous offense, "receipt" is knowingly taking possession). Further, this "court may consult the whole record when considering the effect on substantial rights." United States v. Vonn, 535 U.S. 55, 59 (2002). The record indicates that, in the presentence interview, Fierro admitted committing the charged offense. He has therefore failed to show reversible plain error with respect to the sufficiency of the factual basis. Finally, there is no evidence of judicial coercion in the record.

AFFIRMED.